# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR GRADY GARNER, | 1:10-cv-00646 AWI MJS HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| YATES, Warden, | (Doc. 1) |
|     Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    DISCUSSION**

    **A.    Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th

Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

### B.     Factual Summary

On March 9, 2010, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) Petitioner challenges his February 27, 2008 decision of the Board of Parole Hearings ("Board") finding him unsuitable for parole. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released. Further, Petitioner asserts that his court appointed attorney did not communicate with Petitioner and waived Petitioner's right to appear at the hearing without his approval, thereby violating his due process rights. On September 16, 2010, Respondent filed an answer to the petition, and December 9, 2010, Petitioner filed a traverse. The matter stands ready for adjudication, and the Court shall review Petitioner's claims in turn.

### C.     Federal Review of State Parole Decisions

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. Lindh v. Murphy, 521 U.S. 320, 327, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997); Furman v. Wood, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000); Wilson v. Corcoran, 131 S.Ct. 13, 16, 178 L. Ed. 2d 276 (2010) (per curiam).

The Supreme Court has characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment Due Process Clause, which in turn requires fair procedures with respect to the liberty interest. Swarthout v. Cooke, 131 S.Ct. 859, 861-62, 178 L. Ed. 2d 732 (2011).

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979).[1] Swarthout, 131 S.Ct. at 862. In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole. The Court stated:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.) When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication-and federal courts will review the application of those constitutionally required procedures. In the context of parole, we have held that the procedures required are minimal. In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. (Citation omitted.)

Swarthout, 131 S.Ct. at 862. The Court concluded that the petitioners had received the process that was due as follows:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied....
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 131 S.Ct. at 862. The Court in Swarthout expressly noted that California's "some evidence" rule is not a substantive federal requirement, and correct application of California's "some evidence" standard is not required by the Federal Due Process Clause. Id. at 862-63. This is true even though Petitioner is challenging the Governor's reversals, and not a decision by the Board. Swarthout, 131 S. Ct. at 860-61; Styre v. Adams, 645 F.3d 1106, 1108 (9th Cir. 2011) ("[w]e now hold that the Due Process Clause does not require that the Governor hold

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole; it is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made. Id. at 16. The decision maker is not required to state the evidence relied upon in coming to the decision. Id. at 15-16. In Greenholtz, the Court held that due process was satisfied where the inmate received a statement of reasons for the decision and had an effective opportunity to insure that the records being considered were his records, and to present any special considerations demonstrating why he was an appropriate candidate for parole. Id. at 15.

a second suitability hearing before reversing a parole decision.").

Here, Petitioner argues that the Board improperly relied on evidence relating to Petitioner's past criminal history. (See Pet. and Traverse.) In so arguing, Petitioner asks this Court to engage in the very type of analysis foreclosed by Swarthout. In this regard, Petitioner does not state facts that point to a real possibility of constitutional error or that otherwise would entitle Petitioner to habeas relief because California's "some evidence" requirement is not a substantive federal requirement. Review of the record for "some evidence" to support the denial of parole is not within the scope of this Court's habeas review under 28 U.S.C. § 2254. The Court concludes that Petitioner's claim concerning the evidence supporting the unsuitability finding should be dismissed.

### D. Petitioner's Claim is Moot in Light of Subsequent Parole Suitability Hearing

Petitioner asserts that his right to due process of law was violated because he was not present at the hearing. Petitioner claims his appointed attorney filled out a form, without Petitioner's approval, indicating that Petitioner did not desire to appear at the parole suitability hearing. Even if Petitioner has made a sufficient showing that his due process rights were violated, the claim is moot. Petitioner has already received a new hearing. The Court can order no further relief.

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." Deakins v. Monaghan, 484 U.S. 193, 199 (1988); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). "[F]ederal courts may not 'give opinions upon moot questions or abstract propositions.'" Calderon v. Moore, 518 U.S. 149, 150 (1996). "This means that, throughout the litigation, the [petitioner] 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Murphy v. Hunt, 455 U.S. 478, 481 (1982) ("In general, a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (citations and internal quotation marks omitted). Mootness is a threshold jurisdictional issue. St. Paul Fire & Marine Ins. Co. v. Barry, 438 U.S. 531, 537 (1978); North Carolina v. Rice, 404 U.S. 244, 246 (1971);

United States v. Strong, 489 F.3d 1055, 1059 (9th Cir. 2007).

Here, Petitioner challenges his February 27, 2008 parole suitability decision, and seeks, among other things, a new parole suitability hearing that complies with the applicable Due Process safeguards. (See Pet. at 23.)

The Ninth Circuit has held that the relief available to a prisoner who demonstrates the Board violated his constitutional rights at a parole suitability hearing is a new hearing before the Board to determine parole suitability in a manner that complies with constitutional requirements. Haggard v. Curry, 631 F.3d 931, 937 (9th Cir. 2010); see also In re Prather, 50 Cal.4th 238, 244 (2010) (The proper remedy is to direct the Board to "conduct a new parole-suitability hearing in accordance with due process of law and consistent with the decision of the court.").

On February 3, 2010, Petitioner had a new parole suitability hearing. (See Traverse at 37-123.) Accordingly, Petitioner has received all the relief that he would be entitled to if the Court were to rule in his favor on the merits of his claim, and the pending petition is moot. See Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005); Register v. Finn, 2011 U.S. Dist. LEXIS 29114, 2011 WL 839679, at *1 (E.D. Cal. 2011) ("[B]ecause Register received a new parole-suitability hearing in May 2009, even if Register's due process rights were violated in May 2007, Register has since received the relief to which Register is otherwise entitled, i.e., a new parole-suitability hearing before the Board[,]" and his petition is moot); Singer v. Sisto, 2011 U.S. Dist. LEXIS 24818, 2011 WL 778050, at *1 (E.D. Cal. 2011) (same); Thomas v. Clark, 2011 U.S. Dist. LEXIS 3660, 2011 WL 130146, at *5 (E.D. Cal. 2011) (Petitioner's "claims regarding the January, 2007 Board hearing are moot because no viable issues remain to be resolved. Those allegations were rendered moot when Petitioner was given a new hearing in February, 2008.").

### E.    Ineffective Assistance of Counsel at Parole Board Determination

Petitioner claims he was denied his Sixth Amendment right to effective assistance of counsel at his parole hearing. (Pet. at 21-22.)

Petitioner's claim is without merit. In the first place, there is no clearly established right

to counsel at parole suitability hearings. In <u>Morrissey v. Brewer</u>, 408 U.S. 471 (1972), the United States Supreme Court delineated the minimum standards of due process that must be provided parolees during parole revocation hearings. The Court did not consider, however, whether parolees have a right to counsel at those hearings. <u>See</u> <u>id.</u> at 489. Thereafter, in <u>Gagnon v. Scarpelli</u>, 411 U.S. 778 (1973), the Supreme Court discussed whether the state is under a constitutional duty to provide appointed counsel in probation or parole revocation hearings. In so doing, the Supreme Court emphasized the essentially non-adversary nature of the hearings, the non-judicial character of the administrative decision-making body, and the likelihood that the proceedings would be significantly altered by the introduction of counsel. <u>See</u> <u>id.</u> at 788-89. Rather than adopt a per se rule, the Supreme Court adopted a case-by-case approach:

> We thus find no justification for a new inflexible constitutional rule with respect to the requirement of counsel. We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness -- the touchstone of due process -- will require that the State provide at its expense counsel for indigent probationers or parolees.

<u>Id.</u> at 790.

Before <u>Morrissey</u> and <u>Gagnon</u> were decided, the United States Court of Appeal for the Ninth Circuit, in <u>Dorado v. Kerr</u>, 454 F.2d 892, 897 (9th Cir. 1972), held that due process does not entitle California state prisoners to counsel at parole hearings. The United States District Court for the Northern District of California has held that <u>Dorado</u> accurately reflects the underlying concerns and objectives expressed by the Supreme Court in <u>Morrissey</u> and <u>Gagnon</u>, and denied the right to counsel on such grounds. <u>See</u> <u>Burgener v. California Adult Authority</u>, 407 F. Supp. 555, 559 (N.D. Cal. 1976); <u>Leque v. Brown</u>, 2007 U.S. Dist. LEXIS 89980 (N.D. Cal. 2007); <u>Taylor v. Ayers</u>, 2009 U.S. Dist. LEXIS 57753 (N.D. Cal 2009); <u>Troxell v. Horel</u>, 2009 U.S. Dist. LEXIS 122257 (N.D. Cal. 2009). This Court agrees and concludes there is no clearly established right to counsel at parole suitability hearings. Petitioner was not constitutionally entitled to any attorney at his parole hearings. Accordingly, this claim must be

dismissed.

## II. CONCLUSION

Although Petitioner asserts that his right to due process of law was violated by the Board's decision, the fact that Petitioner has already received a subsequent parole suitability hearing renders his claims moot. Further, Petitioner's other claims regarding the hearing are either without merit or not properly presented before this Court, and it is recommended that the petition be DENIED.

## III. FINDINGS AND RECOMMENDATIONS

Accordingly, it is hereby recommended that the petition for a writ of habeas corpus be DENIED with prejudice.

This Findings and Recommendation is submitted to the assigned District Judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 29, 2013                         /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE